CORNELIA MALATESTA, ADMINISTRATRIX OF FRANK
MALATESTA, DECEASED, PLAINTIFF-APPELLANT, v.
ATLANTIC CITY AND SHORE RAILROAD COMPANY
AND WEST JERSEY AND SEASHORE RAILROAD COM-
PANY, DEFENDANTS-RESPONDENTS.

Argued March 11, 1915—Decided November 15, 1915.

Decedent was employed by Reilly in carting material from the West
Jersey and Seashore railroad. The tracks belonged to that com-
pany; the Atlantic City and Shore Railroad Company was oper-
ating trolley cars thereon, and for that purpose had a feed wire
thirty feet above the ground charged with a current of 32,000
volts. Reilly had laid a temporary track on which he operated
a crane. In moving the crane Reilly's engineer failed to lower
the boom although warned to do so. The boom struck the feed
wire, and, as a result, decedent was killed. *Held,* that a verdict
was rightly directed for the defendants.

On appeal from the Supreme Court.

The decedent was employed by one Steelman and was
working at the time for Reilly. Reilly was constructing an
amiesite road in Atlantic county. The decedent was employed
in carting material for Reilly's work from freight cars at
Ocean Heights. The tracks at that point belong to the West
Jersey and Seashore Company, and the Atlantic City and Shore
Railroad Company was operating trolley cars thereon. For
that purpose they had a feed wire thirty feet above the ground
charged with a current of 32,000 volts.

Reilly, for the purpose of facilitating the work of unloading
had laid a temporary track near the freight tracks, on which
he operated a crane. At the time of the accident it was
necessary to move the crane so that it came nearer the rail-
road tracks over which the feed wire ran. Stewart, who was
Reilly's engineer operating the crane, failed to lower the
boom although warned by the fireman to do so. As a result
the boom struck the feed wire, caused an arc that melted the
wire so that it dropped and hit the decedent, resulting in his
death. The trial judge directed a verdict for the defendants.

For the plaintiff-appellant, *John F. X. Ries.*

For the defendants-respondents, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

SWAYZE, J.  We think the trial judge was right in directing a verdict for the defendants for two reasons—*first,* the proximate cause of the injury was not the character or location of the feed wire, its lack of insulation (if insulation had been practicable), or the lack of guard wires; the accident was due solely to the negligence of Reilly's engineer, Stewart, in failing to heed the warning of the fireman to lower the boom before moving up; *second,* neither defendant could, anticipate that a wire thirty feet up in the air would be interfered with by men unloading freight.  The defendants had a right to assume that a wire so located would be left alone and even if they might in fact anticipate that Reilly's men might perchance be negligent, they had the right in law to assume that no trespass would be committed upon their property.  As we said in *Guinn* v. *Delaware and Atlantic Telephone Co.,* 72 *N. J. L.* 276 (at *p.* 278), the owner's right to protect his possession and to use his property is paramount.  The case differs from cases like *Rowe* v. *New York and New Jersey Telephone Co.,* 66 *Id.* 19; *Spires* v. *Middlesex, &c., Electric Light Co.,* 70 *Id.* 355, and Herbert *v.* Lake Charles Co., the Louisiana case relied on by the appellant.  In those cases the physical situation was such that wires were likely to become crossed by natural causes without any intervening culpable agent.  Here the injury occurred by reason of the intervention of a culpable human agent.  No amount of care on the part of the defendants consistent with the conduct of their business in the ordinary way, could guard against possible culpable acts of others.  The case is within the rule of *Cuff, Administratrix,* v. *Newark and New York Railroad Co.,* 35 *Id.* 17, 29, which was approved in *Delaware, Lackawanna and Western Railroad Co.* v. *Salmon,* 39 *Id.* 299 (at *p.* 308), although it was inapplicable to the facts of that case.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 12.

*For reversal*—GARRISON, PARKER, KALISCH, JJ. 3.